UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAM DANIEL MATWYUK,<br><br>    Defendant. | Case No. 12CR2994-H<br><br>ORDER EXCLUDING 404(b) EVIDENCE UNDER EVIDENCE CODE 403 WITHOUT PREJUDICE |

    Defendant Adam Daniel Matwyuk was indicted for a violation of Title 21 U.S.C. Sections 952 and 960, importation of approximately 2.32 kilograms (5.10 lbs) of methamphetamine. This charge carries a ten year mandatory minimum sentence. The government contends that on June 1, 2012, the defendant drove a car from Mexico to the San Ysidro, California port of entry. A pre-primary narcotics detector dog alerted to the car. After an agent asked routine questions, another agent escorted Defendant to the security office in the secondary inspection area. (Doc. No. 42.)

    At secondary, former CBP Officer Thomas Silva found a non-factory compartment and five plastic wrapped packages in defendant's car. One package field tested for methamphetamine. Id. Officer Silva was subsequently prosecuted and convicted in this district of wire fraud in violation of 18 U.S.C. 1342 and 18 U.S.C.

-1-

1  Section 981 (a)(1)(c) and a violation of Title 18 U.S.C. Section 1071. In that case,
2  officer Silva pled guilty to knowingly participating in a scheme to defraud an
3  insurance company. He pled guilty to submitting a false claim to his auto insurance
4  company. He represented that his vehicle had been stolen, when he had driven it to
5  Mexico instead. He received an insurance check for his scheme in the amount of
6  $7,329,37. (See United States v. Silva, S.D. Cal, 12CR4050-AJB, Doc. No. 36.)
7         Additionally, former officer Silva was convicted of knowingly concealing an
8  individual with an outstanding felony warrant from arrest, by allowing him to enter
9  the U.S. through Silva's inspection lane. According to the presentence report, "Silva's
10 actual criminality was much broader, of significant duration, and, among other acts,
11 involved him fraudulently obtaining a loan (December 13, 2010); facilitating the entry
12 of a vehicle used in a marijuana-related crime (February 3, 2011); and using his
13 official capacity in exchange for romantic favor." Id. The presentence report also
14 indicated that agents believed that defendant was involved in drug and alien
15 smuggling. Id. Officer Silva was sentenced to eight months in custody plus supervised
16 release. (See United States v. Silva, S.D. Cal, 12CR4050-AJB, Doc. No. 46.)
17        Former officer Silva is still on supervised release from his felony convictions
18 and owes restitution. Id. Notwithstanding Silva's felony convictions for crimes
19 involving fraud, dishonesty, and abuse of his official duties, the government intends to
20 call Silva as a witness in defendant Matwyuk's case. The government contends that
21 Silva is the only witness that can authenticate photos of the drugs in defendant
22 Matwyuk's car. As a result the court appoints Silva's prior counsel to advise him on a
23 witness testimony in this case. (Doc. No. 51.)
24        To make matters worse, the government failed to retain the vehicle in this case.
25 Three days after the Indictment was filed, the defense filed a motion on July 23, 2012
26 to preserve and inspect the evidence (Doc. No. 8.) and the court granted the request
27 for the vehicle on October 22, 2012. (Doc. No. 17.) Nevertheless, the government
28 failed to retain the vehicle, depriving the defense the opportunity to inspect the vehicle

or to have an expert inspect the vehicle to assess the difficulty of placing the drugs in the vehicle and removing the drugs from the vehicle. As a result, the defense requested a remedial instruction under United States v. Sivilla, 714 F.3d 1168, 1173 (9th Cir. 2013). The court agrees that a remedial instruction is warranted.

The parties appeared for a status hearing before this court on July 31, 2014. (Doc. No. 51.) The parties had a dispute concerning the admissibility of evidence under Evidence Code 404(b). The court heard the dispute. Fed. R. Evid. 404 (b) forbids use of evidence of prior crimes or bad acts merely to prove bad character. United States v. Garcia-Orozco, 997 F.2d 1302, 1303-04 (9th Cir. 1993). The use of prior bad act evidence "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case." Id at 1304.

Here, the government seeks to introduce defendant's 2002 marijuana conviction as proof of knowledge or common scheme or plan. In order to admit the evidence, the government must prove 1) the other bad act must tend to prove a material point in issue, 2) the other bad act must not be too remote in time, 3) the other bad act must be proven with evidence sufficient to show the act was committed, and 4) if admitted to prove intent, the other bad act must be similar to the offense charge. United States v. Beckman, 298, F.3d 788, 794 (9th Cir. 2002). Additionally, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice under Evidence Code Section 403.

The defense contends that the 2002 conviction is too remote in time and dissimilar to a material issue in this case. The government argues that ten years is not too remote as a matter of law, and the importation of drugs on a prior occasion may be admissible to show knowledge. United States v. Bibo Rodriguez, 922 F.2d 1398, 1400 (9th Cir. 1991).

When the parties disputed the scope of admissible 404(b) evidence, the court revisited whether the circumstances of the case supported a finding of similarity of the

two events and whether admission of the prior 2002 conviction in light of the government's destruction of the evidence was overly prejudicial under Evidence Code 403.

After a thorough review of the proposed evidence, the court concludes that the two events are not sufficiently similar and the admission of the prior 2002 conviction in the government's case-in-chief would be overly prejudicial. The 2002 conviction was for importation of 68 lbs of marijuana by defendant's guilty plea. The present case is for importation of 5.10 lbs of methamphetamine where the defendant wishes to put the government to its burden of proof. Significantly, the government failed to retain the vehicle evidence in violation of a court order or in reckless disregard of a pending defense motion to preserve and inspect the vehicle. In the present case, the government contends that the only witness to authenticate the photos of the drugs in the vehicle is admittedly a corrupt officer. Finally, the defendant faces a ten year mandatory minimum sentence in this case. Under these unique circumstances, admission of a ten year old marijuana conviction to show knowledge or scheme or plan is not similar and overly prejudicial under Evidence Code 403. Absent the defense opening the door to the admission of the evidence, the defendant testifying, or a further showing by the government of why it failed to retain the vehicle evidence, the court disallows the prior conviction and any post-arrest statement about the prior conviction.

IT IS SO ORDERED.

DATED: August 1, 2014

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE