# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12CR2994-H |
| Plaintiff, | |
| v. | ORDER REGARDING 404(b)(2) EVIDENCE |
| ADAM DANIEL MATWYUK, | |
| Defendant. | |

The government moved for reconsideration of the court's order denying admission of 404(b)(2) evidence. (Doc. No. 58.) After reconsideration, the court denied the motion at the beginning of the trial (Doc. No. 65), but the court permitted the government to move for admission of the 404(b)(2) evidence if the defense opened the door during the trial and the evidence is not overly prejudicial. The defense rested without putting on a defense case and did not open the door to the admission of the evidence.

At the time of the court's ruling, the parties had a dispute about the court's prior ruling and the court did not have the benefit of a transcript of the prior hearing. After hearing the arguments of counsel, the court denied the admission

-1-

of the 404(b)(2) evidence without prejudice to a renewal of the request for admission at trial.  (Doc. No. 56). The court noted in its order that the defense was deprived the right to contest similarity of the crimes by the government's failure to retain the vehicle. <u>Id.</u> The court further noted that the government represented that the witness who would identify the photographic evidence of the drugs in the vehicle was a corrupt officer who pled guilty to two felonies and was on supervised release. As a result, the court denied the admission of the 404(b) evidence without prejudice to a further showing by the government that the evidence was not overly prejudicial or the defense opening the door. <u>Id.</u>

The government correctly cites <u>United States v. Bibo-Rodriguez</u>, a 1991 case, for the proposition that a prior conviction for importation of marijuana may be relevant and admissible under Federal Rule of Evidence 404(b) to show knowledge of important of cocaine at a later date. <u>United States v. Bibo-Rodriguez</u>, 922 F.2d 1398 (9th Cir. 1991). But <u>Bibo-Rodriguez</u> did not involve a case where the government failed to retain the vehicle evidence or had a corrupt officer discover the drugs in the compartment of the vehicle, depriving the defense of a meaningful opportunity to present a complete defense. <u>See</u> Fed. R. Evid. 403.

Three days after the Indictment was filed, the defense in defendant Matwyuk's case filed a motion on July 23, 2012 to preserve and inspect the evidence (Doc. 8.) and, after continuing the hearing on the pending defense motion, the court granted the request for the vehicle on October 22, 2012. (Doc. 17.) Nevertheless, the government failed to retain the vehicle, depriving the defense the opportunity to inspect the vehicle or to have an expert inspect the vehicle to assess the difficulty of placing the drugs in the vehicle and removing

the drugs from the vehicle.

In this case, the corrupt officer pled guilty to two felonies including crimes of dishonesty and abuse of his office on September 7, 2012. (United States v. Silva, S.D. Cal, 12CR4050-AJB, Doc. 25.) In exchange for concessions in the corrupt officer's plea agreement, the government agreed not to pursue charges against the defendant relating to a false statement on a loan application, a February 3, 2011 seizure of approximately 69 lbs of marijuana at the I-15 Border Patrol Checkpoint, alien smuggling, dissemination of his lane assignment at the San Ysidro port of entry, entry of individuals in the SENTRI lane without permission, and a seizure of illicit pharmaceuticals on July 12, 2012 at the San Ysidro port of entry, a date close in time to the seizure date of June 1, 2012 in this case. Id. As a part of the plea agreement, the corrupt officer agreed to forfeit $16,072.66 cash seized from his residence on September 7, 2012. Id. The corrupt officer's presentence report indicated, "Silva's actual criminality was much broader, of significant duration, and, among other acts, involved him fraudulently obtaining a loan, (December 13, 2010); facilitating the entry of a vehicle used in a marijuana-related crime (February 2, 2011); and using his official capacity in exchange for romantic favor." (United States v. Silva, S.D. Cal, 12CR4050-AJB, Doc. 36.)

Inexplicably, the government destroyed the vehicle in defendant Matwyuk's case on September 26, 2012, according to representations of the government at the motion in limine hearing. (Doc. 58-1, pg 9.) The defense pointed out that the government was on notice to preserve the evidence prior to any court ruling on the motion. (Doc. 58-1, pg. 10.) The court agrees with the defense. The court's prior order noted that the destruction was "in reckless

disregard of a pending defense motion to preserve and inspect the vehicle." (Doc. 56.) The court further noted that the government represented that the only witness to authenticate the photos of the drugs in the vehicle is admittedly a corrupt officer, and the defendant faces a ten year mandatory minimum sentence if convicted in this case. Id.

The Constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense." United States v. Stever, 603 F.3d 747, 755 (9th Cir. 2010). This right includes "the right to present the defendant's version of the facts," Washington v. Texas, 388 U.S. 14, 19 (1967), and "to put before a jury evidence that might influence the determination of guilt," Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987). This right is not absolute. Alcala v. Woodford, 334, F.3d 862, 877 (9th Cir. 2003), since the adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments." Taylor v. Illinois, 484 U.S. 400, 410-11 (1988).

In order for destruction of evidence to rise to the level of a constitutional violation, the Ninth Circuit requires two showings. United States v. Sivilla, 714 F.3d 1168, 1173 (9th Cir. 2013). First, the government acted in bad faith. Bad faith "turns on the government's knowledge of the apparent exculpatory value of the evidence at the time is was lost or destroyed." United States v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993) (citing Arizona v. Youngblood, 488 U.S. 51 (1988)). Second, the missing evidence must be "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). "Another configuration of this test requires the showing of bad faith where the evidence is

-4-

only potentially useful and not materially exculpatory." United States v. Del Toro-Barboza, 673 F.3d 1136, 1149 (9th Cir. 2012).

In Sivilla, the Ninth Circuit held that the inquiry "turns on whether any exculpatory value of evidence in the vehicle was "apparent to government agents. Sivilla at 7. Here, government witnesses at trial confirmed that viewing the physical evidence of the drugs and the compartment was significant, but the court order to preserve the evidence did not occur until after the vehicle was destroyed. Under these circumstances, the court balances "the quality of the Government's conduct" against "the degree of prejudice to the accused" where the government bears the burden of justifying its conduct and the accused of demonstrating prejudice." Id. at 10.

In evaluating the quality of the government's conduct, "the court should inquire whether the evidence was lost or destroyed while in its custody, whether the Government acting in disregard of the interests of the accused, whether it was negligent in failing to adhere to established and reasonable standard of care for police and prosecutorial functions, and if the acts were deliberate, whether they were taken in good faith or with reasonable justification." Id. (citing United States v. Loud Hawk, 628 F.2d 1139 (9th Cir. 1979)).

In this case, there is no showing that the prosecutors or the case agent knowingly permitted the vehicle to be destroyed. The vehicle destruction was a mistake, and government counsel represented that the office is changing its procedures to avoid such mistakes in the future. But a remedial instruction is warranted because of the non-retention of the evidence and the corrupt officer.

The government argues that the remedial instruction is a sufficient remedy for the non-retention of the evidence. It argues that the non-retention of the

evidence and the corrupt officer's testimony of the evidence and the corrupt officer's testimony should not affect admission of the 404(b)(2) evidence in the government's case in chief. The court disagrees. The court declined to permit the government to admit the 404(b)(2) evidence of a ten year old marijuana conviction under Fed. R. Evidence 403 "under these unique circumstances" in addition to the remedial instruction, exercising its discretion under Federal Rule of Evidence 403. (Doc. 56); Huddleston v. United States, 485 U.S. 681, 691-92 (1988). Nothing at trial changed the court's analysis of the potential prejudice to the defense of the admission of the ten year old marijuana conviction.

Perhaps had the parties not had a dispute about the extent of the motion in limine ruling and if the court had a transcript of the prior hearing, the court might have admitted the marijuana conviction only based on the tentative ruling. But there was nothing in the motion in limine briefing that put the trial court on specific notice of the corrupt officer's sole nexus to the discovery of the drugs in the vehicle or the extent of his corrupt activities. And the parties' dispute over the scope of the admissible evidence caused the court to further examine the proposed evidence under Federal Rule of Evidence 403. Ultimately, the court declined to admit the 404(b)(2) evidence without a further showing by the government for its admission or the defense opening the door. After due consideration of the government's motion, the court reconsidered its prior ruling at the beginning of the trial, but declined to admit the 404(b)(2) evidence in its case in chief, unless circumstance changed.

Finally, the government did not renew its request to admit the 404(b) evidence after the presentation of evidence prior to resting its case. Perhaps that was because the court denied reconsideration at the beginning of the trial.

-6-

Perhaps that was because government witnesses confirmed the importance of the vehicle evidence. Perhaps that was because the defense effectively discredited the corrupt officer on cross-examination and demonstrated the prejudice to the defense from the non-retention of the vehicle.  Now that the evidence is over, the motion for reconsideration is moot.

IT IS SO ORDERED.

DATED:  August 6, 2014

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE